

EOD
03/17/2020

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 18-42735 |
| Jerry L. Cowser § | |
| and Helen Cowser (Co-Debtor) § | |
| Debtors, § | Chapter 13 |
| § | |
| U.S. Bank Trust National Association, § | |
| as Trustee of the Chalet Series IV Trust § | |
| Movant, § | |
| § | |
| Jerry L. Cowser § | |
| and Helen Cowser (Co-Debtor) § | |
| Respondents. § | |

**AGREED ORDER MODIFYING AUTOMATIC STAY CO-DEBTOR STAY**

U.S. Bank Trust National Association, as Trustee of the Chalet Series IV Trust ("Movant") and Jerry L. Cowser and Helen Cowser (Co-Debtor) ("Debtors") have reached an agreement with regard to lifting stay. The Court having considered the Motion to Lift Stay filed by Movant, any and all responses thereto, and the agreement of counsel, is of the opinion that the following Agreed Order Modifying Automatic Stay should be entered.

It is therefore, **ORDERED** that:

1.  The automatic stay provided by 11 U.S.C. Section 362 and Section 1301 shall remain in effect unless terminated as hereinafter provided.

2.  The post-petition arrears consists of $6,712.60 in post petition arrearage payments and $700.00 in attorney's fees and costs for total of $7,412.60. Debtors shall file a motion to amend the Chapter 13 Plan to include this amount as a secured claim owed to Movant, to be paid with interest as the rate provided by the terms of the Note. Debtor shall file a Chapter 13 Plan amendment or modification, to provide for the total arrearage amount of $7,412.60 to be paid

over the remaining months of the Debtor Chapter 13 Plan as a secured claim, within 30 days from the date the Agreed Order is entered. If the motion to amend the plan is denied, it shall constitute a default under the terms of this order. If the amended or modified Chapter 13 Plan is not filed by the thirtieth (30th) day following the date this Agreed Order is entered, the Automatic Stay and Co-Debtor Stay is terminated as to the Property without further notice or action by this Court. Should the Debtor fail to obtain an Order confirming or modifying the revised chapter 13 Plan within sixty (60) days from the date this Agreed Order is entered, the Stay and Co-Debtor Stay is terminated as to the Property without further notice or action by this Court.

3. Debtor shall remain current on all other monthly mortgage payments, beginning with the payment due March 1, 2020, and the 1st day of each month thereafter, including the contractual grace period for such payments.

4. Debtors shall make all Trustee payments promptly when due, according to the provisions of Debtor's Chapter 13 Plan, including adequate protection payments. It is further ordered that Debtor shall keep the Property insured against all loss by fire, windstorm, vandalism or other hazard in at least an amount sufficient to pay Movant the total amount of its claim, and that proof of such insurance shall at all times be furnished to Movant, without demand or other requirement.

5. Except for the defaults of filing and obtaining the amended or modified plan as required by Paragraph 2 of this Agreed Order where the Automatic Stay and Co-Debtor are terminated without notice, should Debtor default on any other terms of this order, Movant shall mail notice of the default to Debtor and Debtors' attorney by U.S. First Class mail, postage prepaid. Should Debtor not cure the default within ten (10) days of the date Movant mails the

notice, the Automatic Stay of 11 U.S.C. Section 362 and Co-Debtor Stay of Section 1301 shall and is hereby ordered lifted with respect to Movant's collateral. Debtor's right to default and cure with the prescribed ten (10) day period is limited to two (2) such events, and nothing contained herein shall entitle Debtors to cure a third or subsequent default as to the terms of this Agreed Order. In the event of termination of the automatic stay, Movant, or its successor in interest, shall be authorized to enforce its lien rights and pursue its statutory and contractual remedies under non-bankruptcy law to gain possession of property located at 232 County Road 2204, Greenville, TX 75067 and more specifically described as follows:

ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND SITUATED IN HUNT COUNTY, TEXAS AND BEING ALL OF LOT 8 AND THE EAST ½ OF LOT 7 OF MARTIN'S SECOND ADDITION A SUBDIVISION IN HUNT COUNTY, TEXAS, RECORDED IN HUNT COUNTY, TEXAS, RECORDED IN VOLUME 400, PAGE 353, PLAT RECORDS, HUNT COUNTY, TEXAS.

The fourteen day (14) provision of Rule 4001(a)(3) is waived and Movant, its successors or assigns, may immediately enforce and implement this Order.

In the event the Automatic Stay is terminated under the provisions of this Order, at its option, Movant, it successors and assigns, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout loss mitigation agreement including a deed in lieu or short sale as allowed by state law. Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. It is further Ordered that upon termination of the automatic stay under the provisions of this Order, the Movant, its successors and assigns, shall not be required to file any subsequent Notices of Mortgage Payment Change or Notices of Fees, Expenses, or Charges.

6.   Movant shall immediately notify the office of the Standing Chapter 13 Trustee in the event that it forecloses its interest upon the collateral described in this Agreed Order pursuant to the terms of the Agreed Order.

7.   Any check tendered to Movant by Debtors for any payment hereunder which is returned by Debtors' bank for any reason shall not be deemed a timely payment under this Agreed Order.

8.   In the event that this case is dismissed, for any reason whatsoever, prior to the completion of the payments set out in Paragraph 2 above, the terms of this Agreed Order shall no longer apply. In the event that this case is converted to a proceeding under Chapter 7 or 11 of the U.S. Bankruptcy Code, then all arrearages due under the Note shall be deemed due upon such conversion. Should Debtor fail to timely cure said arrearage, Movant may abandon the terms this Agreed Order, and the 11 U.S.C. Section 362(a) stay and the Section 1301 co-debtor stay shall terminate without further notice or order of the Court, and Movant shall be free to exercise any rights granted to it by the loan documents with respect to the Property, including, but not limited to, the initiation and completion of foreclosure of the Property. It is further Ordered that in the event that an Order of Discharge is entered in this bankruptcy case, the terms of this Order will not longer be binding on Movant, its successors and assigns, as of the date the Order of Discharge is entered.

Signed on 3/17/2020

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

### END OF ORDER ###

**APPROVED AS TO FORM AND SUBSTANCE:**

/S/ Richard E. Anderson
Richard E. Anderson
State Bar No. **01209010**
4920 Westport Drive
The Colony, Texas 75056
Telephone: (214) 276-1545
Facsimile: (214) 276-1546
**ATTORNEY FOR MOVANT**


/S/
Mark S. Toronjo
8150 N. Central Expressway
Suite 975
Dallas, TX 75206
**ATTORNEY FOR DEBTORS**